IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CR 407-427 |
| | * |
| MICHAEL DIXON | * |

**O R D E R**

Defendant Michael Dixon is serving a 51-month sentence imposed upon revocation of his term of supervised release. At present, he seeks early release pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).[1] The Government opposes the motion. Upon due consideration of the parties' submissions, particularly Defendant's inmate medical records, the Court denies Defendant's request for relief.

The compassionate release provision provides a narrow path for a district court to grant release to a defendant if, after considering the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons" warrant such relief and that release is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C.

---

[1] Defendant specifically moves to be released to home confinement. However, designation of an inmate's place of confinement is within the absolute discretion of the BOP. E.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted).) Accordingly, the Court is without authority to grant Defendant's request to be released to home confinement.

§ 3582(c)(1)(A). The applicable Policy Statement, in turn, provides that if the defendant is not a danger to the community, there are three specific categories of "extraordinary and compelling reasons" to grant relief: medical, age, and family circumstances. U.S.S.G. § 1B1.13 & n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D).[2] Thus, the compassionate release provision imposes three conditions on granting a sentence reduction: the existence of extraordinary and compelling circumstances, adherence to Policy Statement § 1B1.13 (including a finding that the defendant is not a danger to the community), and support in the § 3553(a) sentencing factors. United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343,

---

[2] The Eleventh Circuit Court of Appeals has held that district courts are bound by the definition of "extraordinary and compelling" set forth in Policy Statement § 1B1.13 and its application note. United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021). Thus, the Court does not have discretion to consider other circumstances. To be clear, however, even if the Court had the discretion not to follow the Policy Statement, Defendant does not present an extraordinary and compelling reason warranting early release, and the Court would not exercise its discretion to release him upon weighing the sentencing factors of 18 U.S.C. § 3553(a), as discussed infra.

2

1348 (11th Cir. 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

In this case, Defendant contends that his medical condition qualifies him for relief. Defendant claims he has high cholesterol, sinus problems, COPD, and asthma and that he needs surgery on his left leg; Defendant is presumably arguing that these conditions against the backdrop of the COVID-19 pandemic require his release. (Doc. 85.) Defendant's inmate medical records, submitted by the Government, show that he has sleep apnea and has reported difficulty breathing at times, but there is no indication that he has been diagnosed with high cholesterol, COPD or asthma.[3] (See generally Gov't Resp. in Opp'n, Doc. 88, Ex. A.) Even so, Defendant has listed health conditions that are fairly common among not only inmates but the population in general. Moreover, Section 1B1.13 indicates that a medical condition is considered serious only if it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii), cited in Giron, 15 F.4th at 1346. Defendant has not made any showing that he satisfies these criteria. Defendant has been fully vaccinated against the

---

[3] Notably, it is the movant's burden to show that his circumstances warrant a sentence reduction under § 3582(c)(1)(A). See United States v. Granda, 852 F. App'x 442, 446 (11th Cir. 2021). Defendant has not done so; and the Court will not sift through his entire medical record or put the Government to the burden of showing that his health is *not* seriously infirm.

COVID-19 virus, which substantially mitigates not only his risk of exposure but any potential adverse effects. In short, Defendant has failed to show that his medical condition constitutes an extraordinary and compelling reason to warrant early release.

Even assuming Defendant's medical condition was sufficiently serious to warrant consideration of release, the relevant sentencing factors of § 3553(a) do not weigh in his favor. The Court finds that the nature of his offense, the history and characteristics of this Defendant, and the need to protect the public weigh against reducing his sentence to time served. Defendant has an extensive and disconcerting criminal history as revealed in the Government's opposition. He has violated his probation or parole several times, thus remaining undeterred from criminal conduct. The Court concludes that release at this point would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence.

Upon the foregoing, Defendant Michael Dixon's motion for compassionate release (doc. 85) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of February, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4